UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00187-GNS
CRIMINAL ACTION NO. 1:15-CR-00001-GNS

**LONNIE HARNESS**　　　　　　　　　　　　　　　　　　**MOVANT/DEFENDANT**

**VS.**

**UNITED STATES OF AMERICA**　　　　　　　　　　　　**RESPONDENT/PLAINTIFF**

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

### BACKGROUND

The movant/defendant, Lonnie Harness, proceeding *pro se*, filed a motion to vacate, set aside or correct sentence ("motion to vacate"), pursuant to 28 U.S.C. § 2255 (DN 33). The District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter (DN 34).

The respondent/plaintiff, United States of America, filed a response (DN 36), and Harness' time to reply has expired. The undersigned recommends that the Court deny Harness' motion as untimely.

**FINDINGS OF FACT**

On April 30, 2015, Harness pleaded guilty, without the benefit of a plea agreement, to three counts of production of child pornography and one count of possession of child pornography. (DN 1, 20). On August 4, 2015, the Court sentenced Harness to a total term of 300 months imprisonment to be followed by a lifetime term of supervised release. (DN 29 PageID # 142, Judgment). On November 20, 2017, Harness filed his motion to vacate (DN 33).

**CONCLUSIONS OF LAW**

Timeliness of Motion to Vacate

There is a one-year statute of limitations that applies to motions to vacate, set aside, or correct sentence filed by persons in custody pursuant to a federal court judgment. 28 U.S.C. § 2255(f). Specifically, the statute of limitations reads as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f). Generally, a conviction becomes final upon conclusion of direct review. *See* Sanchez–Castellano v. United States, 358 F.3d 424, 426 (6th Cir.2004) (citing United States v.

Cottage, 307 F.3d 494, 498 (6th Cir.2002)). However, when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have filed the notice of appeal. Johnson v. United States, 457 F.App'x 462, 464-65 (6th Cir. 2012). At the time relevant to this matter, the period was 14 days after entry of judgment. Fed. R. App. P. 4(b)(1).

Here, entry of judgment occurred on August 4, 2015, and Harness did not file a notice of appeal. Therefore, Harness' judgment became final on August 18, 2015. This means that Harness had until August 18, 2016 to file his 2255 motion. However, Harness filed his 2255 motion on November 20, 2017 (DN 33). Thus, Harness filed his motion to vacate more than a year and three months after the 1-year period of limitation in 2255(f)(1) expired.

## Applicability of Equitable Tolling

Harness seems to be arguing that an equitable tolling of the statute of limitation is appropriate based on his mistaken belief that trial counsel was pursuing a direct appeal (DN 33 PageID # 165). The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). The movant has the burden of demonstrating that he is entitled to equitable tolling. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). To be entitled to equitable tolling the movant must demonstrate "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649.

In support of his request for equitable tolling, however, Harness makes a bare assertion that he directed his trial counsel to appeal the sentencing enhancements imposed by the Court (Id.

PageID # 159-161, 165). But, Harness contradicts his assertion by explaining the issue was not raised on appeal because his "[a]ttorney failed to catch this plain error, and I just realized the mistake" (Id. PageID # 161). Further, Harness' excuse indicates he assumed, but never made any effort to confirm, that his trial counsel had filed a direct appeal (Id. PageID # 165). Thus, Harness has failed to demonstrate he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented a timely filing of his motion to vacate. Under the circumstances, the Court finds that Harness is not entitled to equitable tolling of the statute of limitation and, thus, his § 2255 is time-barred.

## Certificate of Appealability

In Slack v. McDaniel, the Supreme Court established a two-pronged test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds. 529 U.S. 473, 484-485 (2000). To satisfy the first prong of the test, Harness must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484. To satisfy the second prong, Harness must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if Harness makes an insufficient showing on one part. Id. at 485. For example, if the Court determines Harness failed to satisfy the procedural prong then it need not determine whether the constitutional prong is satisfied. Id.

For the reasons set forth above, jurists of reason would conclude the statute of limitations is a plain procedural bar that should be invoked to dispose of the case.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Harness' motion to vacate be **DENIED** and **DISMISSED** with prejudice.  Further, the undersigned recommends that a Certificate of Appealability be **DENIED** as to Harness' motion to vacate.

## **NOTICE**

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.  Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:     Lonnie Harness, *pro se*
            Counsel of Record