UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00187-GNS-HBB
CRIMINAL ACTION NO. 1:15-CR-00001-GNS-HBB

LONNIE HARNESS                                                               MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                          RESPONDENT/PLAINTIFF

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 38) regarding his Motion to Vacate Pursuant to 28 U.S.C. § 2255 (DN 33). For the following reasons, the Court **OVERRULES** Movant's Objection (DN 38), **ADOPTS** the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 37), and **DENIES** the Movant's Motion to Vacate (DN 33).

In 2015, Movant Lonnie Harness ("Harness") was indicted by a federal grand jury on three counts of production of child pornography, and one count of possession of child pornography. (Indictment, DN 1). On April 30, 2015, Harness entered an open plea on all four counts, and on August 4, 2015, he was sentenced to serve a total of 300 months imprisonment followed by supervised release for the remainder of his life. (Order, DN 20; J., DN 29). At the time of sentencing, Harness signed a written acknowledgment of his right to appeal. (Ct.'s Advice Right Appeal, DN 28). Following the entry of the judgment, no appeal was taken, and pursuant to Fed. R. App. P. 4(b)(1), the judgment became final fourteen days later on August 18, 2015.

On November 20, 2017, Harness moved to vacate his conviction claiming ineffective assistance of counsel and that the Court had improperly applied the U.S. Sentencing Commission Guidelines. (Movant's Mot. Vacate 4-5, DN 33). After reviewing the motion, the Magistrate Judge issued Findings of Fact, Conclusions of Law, and Recommendation ("R&R") recommending the denial of relief because the motion was untimely, equitable tolling did not apply, and a certificate of appealability was not warranted. (R. & R. 2-5, DN 37). Harness subsequently objected to the R&R. (Movant's Obj., DN 38).

A.  **Movant's Objection**

In Harness's Objection, he essentially reiterates his arguments raised in the motion and already considered by the Magistrate Judge, which do not provide a proper basis for an objection. *See Bergey v. Warren*, No. 12-CV-11058, 2013 WL 5244620, at *1 (E.D. Mich. Sept. 18, 2013) (declining to review objection to denial of habeas petition when objection repeated argument raised before the magistrate judge). Accordingly, the Objection will be overruled.

Even if the Court were to consider the merits of the Objection, the Magistrate Judge did not err in concluding that equitable tolling did not apply. In general, the one-year period for seeking habeas relief under 28 U.S.C. § 2255 runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As the Magistrate Judge correctly noted, the judgment was entered on August 4, 2015, and when no appeal was filed, the judgment became final on August 18, 2015.

(R. & R. 2-3). Under 28 U.S.C. § 2255(f), Harness had until August 18, 2016, to move to vacate his sentence, but he did not file the present motion until November 20, 2017.

Regardless, the Court must determine whether the doctrine of equitable tolling precluded the running of the one-year statute of limitations and thereby renders the present motion timely. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit has cautioned, however, that "the doctrine of equitable tolling is restricted and to be carefully applied.'" *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003) (citation omitted).

In determining whether to apply equitable tolling, this Court must consider the following factors: (1) the movant's lack of notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the movant's reasonableness in remaining ignorant of the legal requirement for filing his claim. *See Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Dunlap*, 250 F.3d at 1007. As the R&R notes, however, Harness relies merely on a bare assertion that he told his trial counsel to file an appeal (which he also contradicts) in seeking the application of equitable tolling, and his "excuse indicates he assumed, but never made any effort to confirm, that his trial counsel had filed a direct appeal." (R. & R. 3-4 (citation omitted)). Thus, he has failed to show that he exercised diligence or that some extraordinary circumstance thwarted his ability to timely seek relief under 28 U.S.C. § 2255. *See Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) ("[T]o the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not

3

qualify because Brown failed in his duty to monitor the status of his appeal." (citation omitted)); *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) ("[P]etitioners bear ultimate responsibility for their filings, even if that means preparing duplicative petitions: petitioners, 'whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands.'" (quoting *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001))). Accordingly, Harness has failed to show that he is entitled to equitable tolling, and the one-year statute of limitations bars Harness' motion.

### B. Certificate of Appealability

The Magistrate Judge recommended that this Court deny Harness a certificate of appealability with respect to the claims raised in his habeas petition. Harness did not raise any specific objection to this recommendation, and the Court will accept it.

### CONCLUSION

For the reasons listed above, **IT IS HEREBY ORDERED** as follows:

1. Movant's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 38) is **OVERRULED**.

2. The Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendations (DN 37) is **ADOPTED** as and for the opinion of this Court.

3. Movant's Motion to Vacate (DN 33) is **DENIED**.

4. A certificate of appealability under 28 U.S.C. § 2253(c)(1) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
July 20, 2018

cc: counsel of record
Lonnie Harness, *pro se*

4